UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JAMES AYERS,

                                    Plaintiff,                **SUA SPONTE**
                                                             **REPORT &**
            -against-                                        **RECOMMENDATION**

                                                             CV 22-2790 (JS) (AYS)

LOWE'S HOME CENTERS, LLC,

                                    Defendant.
--------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

        On May 1, 2022, Plaintiff, James Ayers ("Plaintiff"), represented by counsel, commenced

this action against Defendant, Lowe's Home Centers, LLC ("Defendant" or "Lowe's"), alleging

that Lowe's terminated his employment after obtaining a consumer report indicating that

Plaintiff has a criminal history. Specifically, Plaintiff alleges that, prior to his termination,

Lowe's never provided him with a copy of the consumer report it relied upon or his rights under

the Fair Credit Reporting Act, in violation of 15 U.S.C. § 1681(b)(3)(A). (Compl. ¶¶ 7-14.)

        By Order dated October 25, 2022, this Court granted Plaintiff's counsel's motion to

withdraw as counsel. (Order of Shields, M.J., dated Oct. 25, 2022.) After being afforded ample

time to obtain new counsel, by letter dated December 1, 2022, Plaintiff advised the Court that he

intended to proceed pro se. (Docket Entry ("DE") [19].) Plaintiff thereafter requested that he be

appointed counsel, (DE [22]), which was denied by the District Court on January 9, 2023. (DE

[24].) After appearing at one status conference, Plaintiff ceased communicating with this Court,

despite being notified of numerous deadlines by which to do so. Nor has Plaintiff participated in

discovery, as also directed to by this Court. For the reasons set forth below, and, in particular, the

1

fact that Defendant will be prejudiced by Plaintiff's protracted lack of any involvement in this matter, this Court respectfully recommends that this action be dismissed, with prejudice.

<u>BACKGROUND</u>

Plaintiff commenced this action through counsel on May 12, 2022. (DE [1].) An initial conference was held before this Court on October 4, 2022, at which time discovery was stayed through October 19, 2022, pending Plaintiff's counsel's motion to withdraw as counsel. Plaintiff's counsel moved to withdraw as counsel on October 11, 2022 and, after holding a hearing at which Plaintiff failed to appear – despite being expressly directed to do so – the Court granted counsel's application.

Thereafter, Plaintiff advised the Court that he would be proceeding <u>pro se</u> and a status conference was scheduled for January 5, 2023. Plaintiff appeared at the status conference and a formal discovery schedule was put in place. By letter dated June 21, 2023, Lowe's counsel advised the Court that while Lowe's had complied with its disclosure obligations, and had made numerous good-faith efforts to communicate with Plaintiff, it had failed to receive reciprocal disclosures from Plaintiff and was unable to contact Plaintiff in any way. (DE [26].) By Order dated June 29, 2023, the Court directed Plaintiff to respond to Defendant's letter by July 17, 2023. Plaintiff was warned that failure to comply with the Court's June 29, 2023 Order could result in a recommendation to the District Court that this action be dismissed for failure to prosecute. (Order of Shields, M.J. dated June 29, 2023.)

Counsel for Lowe's served a copy of the Court's June 29, 2023 Order on Plaintiff and filed an affidavit of service on the docket sheet. (DE [27].) Plaintiff failed to comply with the June 29, 2023 Order and a discovery conference was scheduled for August 15, 2023. Plaintiff was again warned that failure to appear at the discovery conference would result in a

recommendation to the District Court that this action be dismissed for failure to prosecute. (Order of Shields, M.J. dated July 20, 2023.) Again, counsel for Lowe's served a copy of the Court's order scheduling the discovery conference on Plaintiff and filed proof of service on the docket sheet. (DE [28].)

Plaintiff did not appear at the conference on August 15, 2023. Nor did he communicate with counsel for Lowe's or this Court as to his non-appearance. The Court advised counsel for Lowe's that it would recommend that this action be dismissed for failure to prosecute. (Order of Shields, M.J., dated Aug. 15, 2023.) Counsel for Lowe's served a copy of the Court's August 15, 2023 Order on Plaintiff and filed proof of service on the docket sheet. (DE [30].) There has been no further communication with the Court from Plaintiff.

<u>DISCUSSION</u>

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 87 (2d Cir. 1995); <u>see also</u> <u>Minnette v. Time Warner</u>, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, <u>sua sponte</u>, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)"). "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding <u>pro se</u>, fails to comply with legitimate court directives." <u>Robinson v. Sposato</u>, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;
- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also

Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.

1996). Generally, "no one factor is dispositive." Lewis, 564 F.3d at 576 (quoting U.S. ex rel.

Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl.

Prot., 16F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir.

1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial

judge and the judge's undoubtedly wide latitude is conditioned by certain minimal

requirements.") (internal quotation marks and citation omitted).

Here, the pertinent factors weigh in favor of dismissal of this action. Plaintiff has failed to

make several appearances in this matter, as well as comply with Court-ordered deadlines, despite

being properly served with notice of such. Moreover, there has been no contact by Plaintiff with

either Defendant's counsel or the Court. Although Plaintiff has been given multiple opportunities

to communicate with this Court, he has remained silent. Indeed, since the withdrawal of his

counsel in October 2022, Plaintiff has failed to advance this litigation in any meaningful way.

At this time, the Court and Defendant are unable to communicate with Plaintiff.

Plaintiff's failure to follow Court directives and his lack of prosecution has an adverse impact

not only on the Court's calendar, but also on the Defendant, who already bears the costs and

burdens incidental to defending civil litigation. See Southerland v. City of New York, 681 F.3d

122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting) ("An individual defendant has at stake his

savings, his pension, the equity in his home, the kids' college fund"). This delay is unnecessary, unfair, and has impeded Defendant's ability to marshal an effective defense. As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462 (citation omitted).

In view of the foregoing lack of activity in this matter, it is respectfully recommended that the District Court enter an order dismissing this action for failure to prosecute.

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this action be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Defendant's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address(es), and to file proof of service on ECF, by September 14, 2023. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a

magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED:**

Dated: Central Islip, New York
         September 11, 2023

                                        /s/ Anne Y. Shields
                                        ANNE Y. SHIELDS
                                        United States Magistrate Judge